UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY M. WOODWARD,<br><br>            Plaintiff,<br><br>     vs.<br><br>STEVE RAMSEY, MIKE KENNY, R. MORGAN, MAGGIE MILLER-STOUT, N. RODOLFO, MARK KLEMME, G. SMITH and B. BALDWIN,<br><br>            Defendants. | NO.  CV-07-307-LRS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT<br><br>**1915(g)** |

    BEFORE THE COURT is Plaintiff's First Amended Complaint (Ct. Rec. 13).  Plaintiff, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and *in forma pauperis*; Defendants have not yet been served.

    By Order filed January 29, 2008 (Ct. Rec. 12), the court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss his complaint.  Specifically, the court admonished Mr. Woodward the negligent or intentional unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 544 (1981).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

Plaintiff continues to assert his property, an Aquatech watch, was taken without authorization by prison officials. Because Washington law provides that prisoners, who believe that property of value belonging to them has been lost or damaged due to staff negligence, may file a claim pursuant to RCW 4.92.100. *See also* WAC 137-36-060, Mr. Woodward's remedy is in state court, regardless of his satisfaction with that remedy.

Despite his assertions to the contrary, Plaintiff has failed to state a federal due process violation. The Fifth Amendment provides that private property shall not be taken for public use without just compensation. *U.S. Const. amend. V; Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 123 (1978). Plaintiff made no allegation his watch was not taken for public use. Therefore, this court finds Mr. Woodward can prove no set of facts that would entitle him to relief under the Fifth Amendment. *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988).

Therefore, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss (Ct. Rec. 12), **IT IS ORDERED** the First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. **IT IS FURTHER ORDERED** all pending motions are denied as moot.

**DATED** this   16th   day of April, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3