UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY M. WOODWARD,<br><br>               Plaintiff,<br><br>   vs.<br><br>STEVE RAMSEY, MIKE KENNY, R. MORGAN, MAGGIE MILLER-STOUT, N. RODOLFO, MARK KLEMME, G. SMITH and B. BALDWIN,<br><br>              Defendants. | NO.  CV-07-307-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    BEFORE THE COURT is Plaintiff's Motion for Reconsideration of the Order dismissing his First Amended Complaint (Ct. Rec. 20), noted for hearing on June 16, 2008. Plaintiff, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and *in forma pauperis*; Defendants were not served in this action. The Motion was heard without oral argument on the date signed below.

    Motions for reconsideration serve a limited function. A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

*v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed.R.Civ.P. 60(b).

In the instant case, Plaintiff has not alleged there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court taking a second look at the issue in question. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

On April 16, 2008, the court dismissed Mr. Woodward's First Amended Complaint as his claim regarding the unauthorized deprivation of his watch failed to state a cognizable due process claim under 42 U.S.C. § 1983. The United States Supreme Court has held that neither the negligent nor intentional random or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 541, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L.Ed.2d 662 (1986); Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).

Washington law provides that prisoners, who believe property of value belonging to them has been lost or damaged due to staff negligence, may file a claim pursuant to RCW 4.92.100. See also WAC

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

137-36-060.  Clearly, Washington State provides Plaintiff an adequate post-deprivation state remedy, regardless of his dissatisfaction with that remedy and his contention that it failed to provide him a "meaningful" resolution of his property claim.  Accordingly, **IT IS ORDERED** Plaintiff's Motion for Reconsideration (Ct. Rec. 20) is **DENIED.**

    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, and close the file.

    **DATED** this      18th      day of August, 2008.

                                             s/Lonny R. Suko
                                                 LONNY R. SUKO
                                        UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3